FILED
2018 May-25 PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID G. BYKER, ROBERT PRZYDYSZ, GLOBAL ASSET MANAGEMENT HOLDINGS, LLC, <br><br>  Plaintiffs, <br><br> vs. <br><br> NANNETTE SMITH, <br><br>  Defendant. | Case No.: 2:16-cv-02034-JEO |

## MEMORANDUM OPINION

David G. Byker, Robert Przybysz, Global Asset Management Holdings, LLC ("GAM") (collectively, "Plaintiffs") filed this suit against defendant Nannette Smith, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1). Plaintiffs assert that Ms. Smith breached a settlement agreement between the parties. Ms. Smith filed a motion to dismiss, contending that this court lacks subject matter jurisdiction based on Plaintiffs' failure to join an indispensable party who would destroy the court's diversity jurisdiction. (Doc. 21). Plaintiffs responded in opposition to Ms. Smith's motion (doc. 31), and Ms. Smith has filed a reply (doc. 32). Also pending before the court are Ms. Smith's motion to strike (doc. 40), Plaintiffs' motions for leave to file a subpoena on an out-of-state third-party (docs. 41, 43), Plaintiffs' motion for a status conference (doc. 44), and

Plaintiff's motion to lift the stay on discovery (doc. 45).[1] Ms. Smith has filed a response in opposition to the motion to lift the stay discovery. (Doc. 47). Upon consideration, the court[2] finds that Ms. Smith's motion to dismiss is due to be denied, Ms. Smith's motion to strike is due to be denied as moot, Plaintiffs' motions for leave to file a subpoena are due to be granted, Plaintiffs' motion for a status conference and to lift the stay are due to be denied as moot.

I.   BACKGROUND

In broad strokes, this case arises out of a dispute between the parties regarding computer software that is designed to run payment systems in gas stations and convenience stores (the "B2K Software"). Ms. Smith developed the B2K Software and owned a business to market and implement the Software. (Doc. 23-1, ¶ 2). In 2012, Mr. Przybysz, the managing member of Ingenuity International, LLC ("Ingenuity"), approached Ms. Smith about purchasing her business, and Ms. Smith agreed to the sale. (*See* Doc. 23-1, ¶¶ 3-4; Doc. 31-1, ¶ 1). As part of that agreement, Ingenuity formed a new company called B2K Systems, LLC ("B2K LLC") to purchase the assets of Ms. Smith's business, including the B2K Software, and Ms. Smith became an employee of B2K LLC.

---

[1] Document 46 is duplicative of document 45, even though it was filed by opposing counsel. It apparently was filed in error.

[2] The parties have consented to an exercise of plenary jurisdiction by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 17).

(Doc. 23-1, ¶ 4). Ms. Smith held a 20% interest in B2K LLC, and Ingenuity held the remaining 80% interest in the company. (Doc. 23-1, ¶ 4).

B2K LLC experienced financial difficulties and took several loans from GAM, which were secured by the B2K Software. (*See* Doc. 1, ¶ 8; Doc. 23-1, ¶¶ 7-8; Doc. 31-2, ¶ 1).[3] B2K LLC defaulted on the loans, and GAM eventually sued B2K in Michigan state court to collect on the loans. (Doc. 23-1, ¶ 9; Doc. 31-2, ¶ 3). Ms. Smith attempted to intervene in GAM's action against B2K LLC to protect her interest in the B2K Software, but the Michigan state court denied her request. (Doc. 23-1, ¶ 10; Doc. 23-2). GAM won a default judgement against B2K LLC in the Michigan lawsuit, and B2K LLC subsequently filed for bankruptcy protection in the Western District of Michigan. (Doc. 23-1, ¶ 10; Doc. 31-2, ¶¶ 3-4). As a secured creditor, GAM filed a proof of claim in B2K LLC's bankruptcy proceedings. (Doc. 31-2, ¶ 4). In 2016, the bankruptcy administrator abandoned B2K LLC's assets that had been disclosed to the bankruptcy court, and GAM succeeded to control of those assets. (Doc. 31-2, ¶ 5).

As B2K LLC was foundering, the relationship between Ms. Smith and B2K LLC deteriorated. B2K LLC terminated Ms. Smith's employment in 2014 and then sued Ms. Smith in Michigan state court. (Doc. 31-2, ¶ 2). Ms. Smith reciprocated by suing B2K LLC, GAM, Ingenuity, Mr. Byker, and Mr. Przybysz in

---

[3] Mr. Byker is the sole member of GAM. (Doc. 31-2, ¶ 1).

Alabama state court. (Doc. 23-1, ¶ 12; Doc. 31-1, ¶ 1; Doc. 31-2, ¶ 2).[4] The Alabama state court action is based on Ms. Smith's allegations that the defendants in that action conspired to steal the B2K Software. (*See* Doc. 31-3). After B2K LLC filed bankruptcy, the Alabama court severed and stayed all of Ms. Smith's claims against the company, and Ms. Smith's claims against the remaining defendants proceeded to trial on November 14, 2016. (Doc. 31-1, ¶ 2; Doc. 31-4, pp. 4-5; *see also* Doc. 31-5, pp. 25-26).[5]

The parties in the Alabama state court action reached a settlement on November 15, 2016, the second day of pre-trial motions. (Doc. 31-1, ¶ 14). Counsel read the terms of the settlement on the record, and the settlement contained the following six essential terms:

(1) GAM or Mr. Byker would pay Ms. Smith $500,000 in installments over a period of time;

(2) Ms. Smith would send the B2K Software to a third-party expert, who would verify the software was the same functional and operational software that he previously reviewed in the course of the state court action, and the software would then be sent to GAM or Mr. Byker after they paid the first settlement installment to Ms. Smith;

(3) The parties would "use their good faith, best efforts" to conclude the B2K LLC bankruptcy, and Mr. Byker, GAM, Mr. Przybysz or Ingenuity will indemnify Ms. Smith if the

---

[4] Ms. Smith added GAM and Mr. Byker as defendants to the Alabama state court action through an amended complaint in 2015. (Doc. 31-2, ¶ 6).

[5] B2K LLC filed for bankruptcy during the pendency of the Alabama state court action. (Doc. 31-1, ¶ 2; Doc. 31-4, p. 2).

4

> bankruptcy court claws back any payment from B2K LLC to her or her son;
>
> (4) The parties would enter full mutual releases of any and all claims up through the date of the settlement agreement;
>
> (5) GAM would void its judgment against B2K LLC, or mark it as satisfied; and
>
> (6) The B2K LLC's Michigan lawsuit against Ms. Smith "will be dismissed with prejudice."

(Doc. 1-1, pp. 4-9; Doc. 23-1, ¶ 14). Because the settlement agreement required payments over time, the Circuit Court of Jefferson County retained jurisdiction over the matter until payment under the agreement was complete, but moved the action to its administrative docket. (Doc. 1-1, pp. 16-17).

The parties' settlement broke down approximately a month after they entered the agreement. According to the plaintiffs in this case, Ms. Smith did not deliver the promised B2K Software to the third-party expert. They contend that Ms. Smith delivered a "read only" version of the B2K Software rather than a functional and operational copy of the software. (Doc. 1, ¶ 14; Doc. 31-2, ¶ 8). Ms. Smith, on the other hand, contends that she fully complied with her obligation under the parties' settlement agreement. (Doc. 23-1, ¶¶ 15-16). While Ms. Smith does not dispute that she delivered a "read only" version of the B2K Software to the third party expert, she asserts that it was exactly the same as the software the

expert reviewed during the litigation and that the read only software was functional and operational. (Doc. 23-1, ¶¶ 16-17).

Mr. Byker, Mr. Przybysz, and GAM filed this action against Ms. Smith based on Ms. Smith's alleged breach of the parties' settlement agreement. (Doc. 1). They assert claims against Ms. Smith for breach of contract, promissory estoppel, fraudulent misrepresentation, and fraudulent suppression based upon her alleged failure to deliver functional and operational B2K Software to GAM. (*Id.*). Plaintiffs request monetary damages and seek preliminary and permanent injunctions ordering Ms. Smith to provide GAM with a functional and operational copy of the B2K Software. (*Id.*).[6] Ms. Smith asks this court to dismiss the action, arguing that B2K LLC is an indispensable party whose joinder would destroy the court's diversity jurisdiction in this matter. (Doc. 22).

## II. STANDARD OF REVIEW

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). A district court undergoes a two-step inquiry when deciding a motion to dismiss under Rule 12(b)(7) and Rule 19. First, the court must

---

[6] After Plaintiffs filed this action, Ms. Smith filed an emergency motion for entry of consent judgment in the Alabama state court. (Doc. 23-4). In response to that motion, the Alabama court ordered Plaintiffs to dismiss this action because it had retained jurisdiction to enforce the settlement agreement, (Doc. 23-5, p. 29), but the Supreme Court of Alabama later directed the court to vacate that portion of its order. *See Ex parte Przybysz*, -- So. 3d --, 2017 WL 3821272, *5 (11th Cir. Sept. 1, 2017).

6

determine "whether the absent part is a 'required party' within the meaning of Rule 19." *Auto-Owners Ins. Co. v. Morris*, 191 F. Supp. 3d 1302, 1303 (N.D. Ala. 2016) (citing *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). Then, "if the absent party is 'required' but cannot be joined in the action, the court must consider if, 'in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Id.* (quoting FED. R. CIV. P. 19(b)).

The moving party bears the burden of proving that the absent party is a required and indispensable party under Rule 19. *Barrow v. OM Fin. Life Ins. Co.*, 2011 WL 2659987, at *1-2 (M.D. Fla. July 6, 2011) (citing *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005)). Finally, when deciding a motion to dismiss under Rule 12(b)(7), the court may look to matters outside of the pleadings and consider evidence presented by the parties. *Auto-Owners Ins. Co.,* 191 F. Supp. 3d at 1303 (citing *Estes v. Shell Oil Co.*, 234 F.2d 847, 849 n.5 (5th Cir. 1956)).

## III. DISCUSSION

### A. Ms. Smith's Motion to Dismiss

Plaintiffs invoke this court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1, ¶ 5). Plaintiffs, Mr. Byker, Mr. Pryzbysz, and GAM, are citizens of Michigan, while the defendant, Ms. Smith, is a citizen of Alabama. (Doc. 1, ¶¶ 1-

4; Doc. 31-1, p. 2); *see also Rolling Greens L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen."). As a result, complete diversity exists between Plaintiffs and Ms. Smith. Additionally, the amount of controversy exceeds $75,000, (*see* Doc. 1), and Ms. Smith does not dispute that fact. Thus, based on the current parties, the court has diversity jurisdiction over this action.

Ms. Smith moves to dismiss under Rule 12(b)(7) based on the plaintiffs' failure to join B2K LLC, an entity she contends is a required and indispensable party under Rule 19. (*See* Docs. 21, 22). B2K LLC is a citizen of both Alabama and Michigan. (Doc. 23-1, ¶ 4; Doc. 31-1, ¶ 7, p. 5); *see also Rolling Greens L.P.*, 374 at 1022. Therefore, B2K LLC cannot be joined in this action because its joinder would destroy the complete diversity between the parties and this court's subject matter jurisdiction over this matter. *See Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977).[7] Accordingly, if B2K LLC is a required and indispensable party under Rule 19, then the court would be mandated to grant Ms. Smith's motion and dismiss the action for lack of subject matter jurisdiction. However, as

---

[7] The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

discussed below, because the court concludes that B2K LLC is a not a required or indispensable party under Rule 19, Ms. Smith's motion is due to be denied.[8]

### 1. B2K LLC is not a Required Party

To rule on Ms. Smith's motion, the court first must determine whether B2K LLC is a required party. *See Molinos Valle*, 633 F.3d at 1344. Rule 19(a)(1) sets out the standard for determining if a party is required:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

---

[8] To the extent that Ms. Smith argues that this court lacks subject matter jurisdiction over this action because the Alabama state court retained jurisdiction to enforce the settlement agreement, (*see* Doc. 21, ¶ 2; Doc. 22, pp. 1-2, 7, 15; Doc. 32, p. 3), the court is not persuaded. An action regarding an alleged breach of a settlement agreement is a new cause of action between the parties rather than a continuation of the underlying state court action. The parties did not agree under the terms of the settlement agreement that the Alabama state court would be the exclusive forum to resolve disputes regarding the agreement. (*See* Doc. 1-1). Moreover, as the Supreme Court of Alabama recognized, the Alabama state court lacked power to order Plaintiffs to dismiss this action. *See Ex parte Przybysz*, 2017 WL 3821272, *5.

FED. R. CIV. P. 19(a)(1). According to Ms. Smith, both B2K LLC and Ingenuity[9] are required parties under Rule 19(a) because they are parties to the settlement agreement at issue and have obligations and interests under the agreement. (Doc. 22, p. 2). Ms. Smith points to those obligations and rights to support her argument that B2K LLC and Ingenuity are required parties. (*See* Doc. 22, pp. 11-12; Doc. 31, p. 6).

As an initial matter, the parties dispute whether B2K LLC is a party to the settlement agreement. (*See* Doc. 22, p. 11; Doc. 31, pp. 6-8).[10] The court need not resolve that dispute to determine if B2K LLC is a required party under Rule 19(a) because an entity is not necessarily a required party in a breach of contract action simply because it is a party to the contract at issue. *See Wheaton v. Diversified Energy, LLC*, 215 F.R.D. 487, 490 (E.D. Pa. 2003). "Such a hard and fast rule

---

[9] Ingenuity's members are residents of Michigan, North Carolina, California, Ohio, and Illinois, (Doc. 31-1, p. 5); therefore, Ingenuity is a citizen of those states. *See Rolling Greens L.P.*, 374 at 1022. Because Ms. Smith, the defendant, is a citizen of Alabama, Ingenuity could be added as a plaintiff in this matter without destroying complete diversity between the parties and this court's subject matter jurisdiction over this action.

[10] The parties' settlement agreement was dictated onto the record; the parties did not memorialize the agreement in writing. (*See* Doc. 1-1). Because of that fact, as discussed below, it is not clear whether B2K LLC is a party to the settlement agreement. The Alabama state court severed and stayed the claims involving B2K LLC before the parties reached the settlement agreement before the second day of the trial. (*See* Doc. 31-4). However, Mr. Przybysz agreed to the terms of the settlement agreement on behalf of B2K LLC, which indicates that B2K LLC is bound to the Agreement. (Doc. 1-1, p. 15). Plaintiffs argue that B2K LLC was not represented by counsel during the settlement hearing and, therefore, could not be party to the settlement agreement because a limited liability company cannot appear pro se. (Doc. 31, pp. 6, 8). But, at the beginning of the hearing, counsel for the defendants in the state court action did not indicate on the record who he was representing. (*See* Doc. 1-1, p. 4). As a result, it is not clear from the hearing transcript whether B2K LLC was represented by counsel during the settlement hearing or whether B2K is a party to the settlement agreement.

would violate Rule 19(a)." *Id.* Thus, even if B2K LLC is a party to the settlement agreement, Ms. Smith still must show that the Rule 19(a) standard is satisfied in order to establish that B2K LLC is a required party. Likewise, Ms. Smith must demonstrate that the Rule 19(a) standard is satisfied with respect to Ingenuity to show that it is a required party.

Ms. Smith argues that in B2K LLC's and Ingenuity's absence, the court cannot enforce the settlement agreement as a whole and afford complete relief to the parties in this action. (Doc. 22, pp. 11-12; Doc. 32, p. 1). The court is not persuaded. Plaintiffs allege that Ms. Smith breached the settlement agreement by failing to provide GAM with a functional and operational copy of the B2K Software, and Plaintiffs seek monetary damages from Ms. Smith for her alleged breach along with an injunction ordering Ms. Smith to provide functional and operational software to GAM. (Doc. 1, pp. 7-15). Neither Plaintiffs' claims nor the relief they seek involve B2K LLC or Ingenuity. Accordingly, the court may afford complete relief among the existing parties even if B2K LLC and Ingenuity are not joined in this action.

Ms. Smith attempts to avoid that conclusion that arguing that "[i]f the court were to order the relief that Plaintiffs seek, it does not protect the remainder of [her] contractual interests, and deprives [her] of the ability to enforce the benefit of her bargain . . . ." (Doc. 22, p. 12). However, Plaintiffs do not seek to void or

nullify any portion of the settlement agreement; therefore, Ms. Smith's citation to *In re Delta Air Lines, Inc.*, 374 B.R. 516, 523 (S.D.N.Y. 2007), is inapposite. In addition, even though Plaintiffs seek to enforce only certain provisions of the settlement agreement in this case, Ms. Smith has not shown how enforcement of those provisions could impact the remaining provisions of the settlement agreement or impede her ability to protect her interest in those provisions. Indeed, if a dispute arises regarding the remaining provisions of the settlement agreement, Ms. Smith could seek enforcement of those provisions in this or another forum, including in the Alabama state court. Thus, Ms. Smith's argument does not persuade the court that it cannot order complete relief to the parties in the absence of B2K LLC and Ingenuity.

Ms. Smith also argues that disposing of this action in the B2K LLC's or Ingenuity's absence may impair or impede their ability to protect their interest in the settlement agreement. (*See* Doc. 22, p. 12). The provision of the settlement agreement that Plaintiffs seek to enforce does not involve B2K LLC or Ingenuity, and Ms. Smith has not shown that enforcement of the provision would have any effect on the remainder of the agreement. Moreover, if necessary just like Ms. Smith, B2K LLC and Ingenuity could enforce other provisions of the settlement agreement in another forum if necessary. Thus, Ms. Smith has not shown that an

order disposing of this action would impact B2K LLC's and Ingenuity's interests in the settlement agreement or impair their ability to protect their interests.

Finally, nothing before the court suggests that Ms. Smith or Plaintiffs could be subject to multiple or inconsistent obligations under the settlement agreement due to the absence of B2K LLC and Ingenuity in this action. As a result, and for the reasons stated above, the court finds that B2K LLC and Ingenuity are not required parties in this action under Rule 19(a). Thus, Ms. Smith's motion to dismiss is due to be denied. Additionally, even assuming that B2K LLC is a required party in this action, Ms. Smith's motion would still be denied because B2K LLC is not an indispensable party Rule 19(b).

2. B2K LLC is not an Indispensable Party

If B2K LLC was a required party, the court next would have to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). To make that determination, "[t]he factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;

    (B) shaping the relief; or

    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* The four factors identified in Rule 19(b) are nonexclusive, and determining whether a case should proceed without a required party is a case-specific inquiry. *Republic of the Philippines v. Pimental*, 553 US. 851, 862-64 (2008).

With respect to the first and second factors, Ms. Smith contends that she and B2K LLC will both be prejudiced by B2K LLC's and Ingenuity's absence in this matter because Plaintiffs only seek an order enforcing certain provisions of the settlement agreement, rather than all of the agreement. (Doc. 22, p. 13). Ms. Smith also contends that the court cannot take any measures, or shape the relief in this action, to lessen the potential prejudice to her and B2K LLC because the Court (1) cannot order dismissal of B2K LLC's lawsuit against her, (2) cannot order B2K LLC to use best efforts and good faith to conclude its bankruptcy action, (3) cannot order Ingenuity to indemnify her for potential claw backs from the bankruptcy court, and (4) cannot order mutual releases between all the parties to the state court action. (Doc. 22, pp. 13-14).[11]

First, the bankruptcy court terminated B2K LLC's bankruptcy action on October 13, 2017. Text Order of Final Decree, *In re B2K Systems, LLC*, Case No.

---

[11] Nothing in the record before the court indicates that there are currently any disputes regarding those four provisions of the underlying settlement agreement.

14-07179, Docket Entry 193, (Bankr. W.D. Mich. Oct. 13, 2017).[12] Thus, this court's inability to order B2K LLC to use its best effort to conclude the bankruptcy action or to order Ingenuity to indemnify Ms. Smith for potential claw backs from the bankruptcy court are moot points. Next, during the pendency of B2K LLC's bankruptcy proceeding, the bankruptcy trustee abandoned the assets B2K LLC had disclosed in its bankruptcy schedules, and GAM succeeded to control of those assets, including B2K LLC's claims against Ms. Smith in the Michigan state court action. (Doc. 31-2, p. 3). As a result, GAM, who is a party to this action, has the power to dismiss B2K LLC's lawsuit against Ms. Smith, and the court could order such relief if necessary. Finally, enforcement of the provisions at issue in this action will not impact any party's rights under the remaining provisions, and, as mentioned above, there is nothing to suggest that Ms. Smith and B2K LLC could not seek enforcement of the remaining provisions of the settlement agreement in a different forum, such as the Alabama state court. Therefore, Ms. Smith has not shown that a judgment made in B2K LLC's absence would prejudice her or B2K LLC, and the first two Rule 19(b) factors weigh in favor of allowing this action to proceed in B2K LLC's absence.

---

[12] "[A] 'court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' [] Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994) (citations omitted).

With respect to the third factor identified in Rule 19(b), i.e., "whether a judgment rendered in [B2K LLC's] absence would be adequate," FED. R. CIV. P. 19(b)(3), "adequacy refers to the 'public stake in settling disputes by wholes, whenever possible.'" *Republic of the Philippines*, 553 U.S. at 870 (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968)). Ms. Smith argues that this factor weighs in favor of dismissal because the court cannot enforce the underlying settlement agreement as a whole. (*See* Doc. 22, p. 14). While the settlement agreement contains multiple provisions, the parties' dispute here only pertains to the provisions involving Mr. Byker or GAM's payment to Ms. Smith, and Ms. Smith's requirement to provide the B2K Software to a third-party expert who would send it to Mr. Byker or GAM. (*See* Doc. 1; *see also* Doc. 1-1). Based on the record before the court, the parties do not have a dispute regarding the other provisions of the settlement agreement, including the provisions involving B2K LLC. Thus, the court could resolve the parties' entire dispute even if B2K LLC is not a party to this action, and the third factor does not weigh in favor of dismissal.

Last, Ms. Smith argues that the court should dismiss this action because the Alabama state court retained jurisdiction over the parties and the settlement agreement. (Doc. 22, p. 15). Therefore, according to Ms. Smith, Plaintiffs have an adequate remedy if this case is dismissed because they can bring their claims in the

16

state court. (*Id.*, p. 15). Indeed, Plaintiffs could have chosen to bring their breach of contract claims against Ms. Smith in the action before the Alabama state court. However, Plaintiffs chose to bring their claims in this court, and dismissing this case would deny Plaintiffs the ability to invoke this court's diversity jurisdiction over their claims. *See New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358-59 (1989) ("'When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction . . . . The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied.") (quoting *Willcox v. Consolidated Gas Co.,* 212 U.S. 19, 40 (1909). On balance, therefore, the court concludes that the fourth Rule 19(b) factor does not weigh in favor of either dismissing this action or allowing it to proceed.

Based on the foregoing, and because the first three Rule 19(b) factors weigh in favor of allowing the action to proceed, the court finds that even if B2K LLC was a required party under Rule 19(a), it is not an indispensable party to this action. As a result, the court concludes that this action should proceed in B2K LLC's absence, and Ms. Smith's motion to dismiss is due to be denied.

### B. <u>Other Pending Motions</u>

Also pending before the court are Ms. Smith's motion to strike (doc. 40), Plaintiffs' motions for leave to serve subpoena (docs. 41, 43), Plaintiffs' request

for status conference (doc. 44), and Plaintiff's motion to lift the stay on discovery (doc. 45). First, Ms. Smith's motion to strike, which pertains to material Plaintiffs filed in advance of a July 10, 2017 telephone status conference, is moot. Next, Plaintiffs ask the court for leave to serve a subpoena on Yusuf Musaji, Ms. Smith's third-party expert who evaluated the B2K Software during the Alabama state court litigation and for purposes of the underlying settlement agreement. (Docs. 41, 43). Ms. Smith objected to service of the subpoena on the grounds that discovery should not take place in this action until the court rules on her motion to dismiss (doc. 42), but Ms. Smith's objections are now moot. Accordingly, the court finds that Plaintiffs' motions for leave to serve a subpoena (docs. 41, 43) are due to be granted. Finally, Plaintiffs' motion for a status conference to address their motions for leave to serve a subpoena on Mr. Musaji, (doc. 44), and to lift the stay (doc. 45) are moot.

## IV. CONCLUSION

For the reasons discussed above, the court finds that B2K LLC is not a required or indispensable party under Rule 19, and Ms. Smith's motion to dismiss (doc. 21) is due to be denied. Ms. Smith's motion to strike (doc. 40), Plaintiffs' motion for a status conference (doc. 44), and Plaintiffs' motion to lift the stay of discovery (doc 45) are due to be denied as moot. Plaintiffs' motion for leave to serve a subpoena (doc. 41) and renewed motion for leave to serve a subpoena (doc.

43) are due to be granted. The parties are to meet and confer to determine a schedule for discovery, including experts and dispositive motions.[13] A separate order will be entered.

**DATED,** this 25th day of May, 2018.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge

---

[13] Should the parties experience any difficulties, the court should be notified and the matter will be set for a telephone conference call.