UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID G. BYKER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-2034-GMB |
| | ) |
| NANNETTE SMITH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

More than four years ago, Plaintiffs David Byker and Global Asset Management-Holdings, LLC ("GAM") filed this lawsuit against Defendant Nannette Smith.[1] Doc. 1. In its simplest form, the case involves the alleged breach of a settlement agreement resolving a state-court lawsuit between Byker, GAM, and Smith. Doc. 1. Specifically, Byker and GAM contend that software Smith provided to them as one component of the settlement was not "functional and operational" or "in a usable form" as required by the settlement agreement. Doc. 198 at 2. As straightforward as that sounds, the litigation that followed has been anything but simple or routine. The docket sheet reflects a hotly contested battle with numerous motions, hearings, court-led conferences, memorandum opinions, and orders, all of which are a logical extension of the tumultuous history among these parties before

---

[1] David Przybysz also was a plaintiff but the court dismissed him pursuant to an unopposed motion to dismiss on January 3, 2019. Docs. 72 & 80.

the filing of the instant complaint. *See* Doc. 120 at 2–10.

However, before the filing of any dispositive motions, Byker and GAM filed a Motion to Dismiss With Prejudice pursuant to Rule 41(a)(2). Doc. 191. The motion states that "Plaintiffs and Defendant have discussed but have been unable to agree on the issue of costs, and, respectfully, Plaintiffs therefore ask that the Court leave open the issue of taxation of costs." Doc. 191. Within 20 minutes of the filing of that motion, Smith responded with a request for oral argument and a briefing schedule. Doc. 192. The court granted Smith's request, held a telephone hearing on the motion, and instructed the parties to brief the issues discussed during the hearing, including Smith's requested conditions on the dismissal. Doc. 197. The motion has been briefed (Docs. 198, 199 & 200) and is ripe for decision. For the following reasons, the court concludes that the motion to dismiss is due to be granted and that no conditions will be attached to the dismissal.

## I.  RELEVANT BACKGROUND

In March 2014, Smith filed a complaint in the Circuit Court of Jefferson County, Alabama essentially alleging that Byker, GAM, and former plaintiff Robert Przybysz fraudulently conspired since at least 2013 to cheat her out of her interest in the business she founded, B2K Systems, Inc. ("B2K Inc."), including its most valuable asset: computer source code and software called "B2K," which was used to process credit cards and other payment systems at gas stations and convenience

2

stores (the "B2K Software"). Doc. 131[2] at 3–4.  On November 15, 2016, as the trial in that case was set to begin, the parties reached a settlement. Doc. 131 at 4.  The parties' counsel memorialized the terms of the agreement by reading them into the record in open court. Doc. 131 at 4.

Under the settlement agreement, Smith was to receive $500,000 from Byker and GAM, to be paid in installments. Doc. 131 at 4.  In exchange, Smith would release her claims and deliver a copy of the B2K Software to Byker and GAM, which all parties would be allowed to market and use. Doc. 131 at 4.  The settlement agreement also outlined certain intermediate steps in connection with Smith's delivery of the B2K Software. Doc. 131 at 4.  In the weeks before trial, Smith sent a disc containing the B2K Software to an independent software auditor, Yusuf Musaji, whose firm had examined it and issued a letter opining that it met the certification requirements of version 3.2 of the Data Security Standard promulgated by the Payment Card Industry Security Standards Council. Doc. 131 at 4–5.  As part of the settlement, the parties agreed that Smith would send that disc back to Musaji, who would be asked to "certify" that it was "the same" disc as the one he had examined previously and that the software it contained was "functional and operational." Doc. 131 at 5.  Musaji also was to advise the parties on what "programs or other

---

[2] The court recites much of this background from an earlier memorandum opinion granting Byker and GAM's motion to dismiss Smith's counterclaims. Doc. 131.

3

information is needed to open and access the disc in a way that doesn't damage or corrupt it." Doc. 131 at 5.  Musaji was to complete that work within thirty days of the settlement, the same date on which Byker and GAM were to make their first installment payment of $100,000 to Smith. Doc. 131 at 5.  If Musaji provided the necessary certifications and access information, and Byker and GAM made the first installment payment to Smith, Musaji would then forward the disc with the B2K Software to Byker and GAM. Doc. 131 at 5.

About a month after the parties settled, the agreement began to break down. Byker and GAM made their monthly payments toward the $500,000 settlement, but objected that Smith had not complied with the settlement agreement as to her promised delivery of the B2K Software to Musaji and, in turn, to them. Doc. 131 at 6.  Although Smith furnished Musaji with a disc containing a version of what appeared to be the B2K Software, Byker and GAM claimed that it was not "functional and operational" because it was in a "read only" format, which, according to Byker and GAM, rendered it "useless . . . because it cannot be opened, accessed, developed or deployed for business purposes, or otherwise." Doc. 131 at 7 (quoting Doc. 1 at 7–8); *see also* Doc. 198 at 8–9.  Smith disagreed and maintained that she had provided the B2K Software disk to Musaji as agreed and that he had provided the necessary certifications and access information specified by the settlement. Doc. 131 at 7.  This disagreement led to the instant lawsuit. Doc. 1.

Throughout the lengthy discovery process, this difference of opinion on the software's functionality continued. In fact, both parties hired experts who offered conflicting opinions on functionality. According to Byker and GAM, "[o]ne of the major impediments was that the [B2K] [S]oftware operated in an outdated 'development environment' that was no longer commercially available, PowerBuilder 12.0." Doc. 198 at 8. Their expert attempted to migrate the B2K Software to the current version of PowerBuilder but encountered a "fatal error" in the migration process. Doc. 198 at 8–9; Doc. 198-2. From Smith's perspective, she upheld her end of the bargain from the beginning, and "[t]he entire lawsuit was based on an egregious misunderstanding of software development and what they were supposed to receive in the settlement." Doc. 199 at 1–2. She contends that she provided Byker and GAM with "everything that they bargained for in the settlement" and that the settlement "did not require Smith to provide the development environment or explain to them how to obtain it." Doc. 199 at 2 (emphasis omitted) & 18.

Near the end of the discovery process, one of Smith's experts testified in his deposition that he had, in fact, been able to migrate the B2K Software from PowerBuilder 12.0 to the current version. Doc. 198 at 12. And during Smith's deposition as a non-retained expert, she also testified that she could migrate the B2K Software. Doc. 198 at 12. After this testimony armed them with enough information

5

to operate the B2K Software, Byker and GAM determined that they should seek a dismissal of their claims against Smith. Doc. 198 at 12.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." The Eleventh Circuit has made clear that district courts enjoy broad discretion in determining whether to allow a voluntary dismissal under this rule. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). The crux of the inquiry is whether "'the defendant would lose any substantial right by the dismissal.'" *Id*. (quoting *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001)) (alterations omitted). On the other hand, "the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Arias*, 776 F.3d at 1269.

There is no dispute in this case as far as the dismissal is concerned—the parties agree that the court should dismiss all claims with prejudice. Where the parties

disagree is the question of whether the court should attach conditions to this dismissal. Byker and GAM argue against any conditions because they had a reasonable and well-grounded factual basis for their claims when they filed the lawsuit and throughout the pendency of the litigation. Smith, on the other hand, contends that she should be deemed the prevailing party and that the court should award her fees and costs as a condition of dismissal.[3]

First and foremost, the court agrees that Byker and GAM had a good faith, reasonable basis to file this lawsuit. The years of discovery without one substantive motion to dismiss[4] or motion for summary judgment filed by Smith is a testament to this fact. Most recently, the parties filled multiple pages in their briefs and submitted hundreds of pages of evidence explaining their respective positions on the facts and the merits of the claims. Doc. 198 at 8–13; Doc. 199 at 3–13 & 17–26. The briefs highlight conflicting evidence and differing opinions on the impact of the evidence on each of the claims. These arguments, however, only underscore the nonfrivolous nature of the complaint when viewed at the time of filing and up to the point when Byker and GAM filed their motion to dismiss. *See Christiansburg Garment Co. v. Equal Emp. Opp. Comm.,* 434 U.S. 412, 421 (1978) (stating that "the term

---

[3] There is no stand-alone motion before the court for fees and costs. Instead, Smith asks for fees and costs as a condition of dismissal under Rule 41(a)(2).
[4] Smith moved to dismiss the claims for an alleged lack of an indispensable party (Doc. 21), but did not file a motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case").

The court disagrees with Smith's contention that she should be recognized as the prevailing party in this litigation. Doc. 199 at 15. A prevailing party ordinarily is one who has been awarded some relief by a court resulting in a meaningful change in the legal relationship between the plaintiff and the defendant. *See Buckhannon Bd. & Care Home, Inc., v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603–05 (2001). The mere fact that the dismissal here is with prejudice does not give Smith any relief, nor would the dismissal change the legal relationship among Byker, GAM, and Smith. It simply means that the claims in the complaint cannot be refiled. Moreover, the only claims litigated to their completion in this case were Smith's counterclaims, which were twice dismissed by the court. Docs. 120 & 131. In the final calculus, all of the parties asserted claims but none of the claims succeeded. There is no prevailing party in this case.

Finally, the court finds an award of fees and costs as a condition of dismissal to be inappropriate. Under the American Rule, each party in litigation bears its own attorneys' fees and costs unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010). While the district courts enjoy the discretion to award fees and costs in dismissing claims under Rule 41(a)(2), this court has not found a case, and the parties have not identified one,

where fees and costs accompanied a dismissal with prejudice except in the most exceptional circumstances. *See, e.g.*, *Carroll v. E One Inc.*, 893 F.3d 139, 146 (3d Cir. 2018) (stating that an award of fees and costs with a Rule 41(a)(2) dismissal is warranted only in "extraordinary circumstances").

For example, in *Martin v. City of Daytona Beach*, 2008 WL 4938347, at *1 (M.D. Fla. Nov. 18, 2008), the plaintiff initially filed a lawsuit in state court, but amended his complaint to add three federal claims after litigating in state court for nearly two years. When the defendant removed the case to federal court, the plaintiff moved to voluntarily dismiss the federal claims under Rule 41(a)(2) and to have the case remanded to state court. *Id*. The district court found that the plaintiff added the federal claims as a tactic to delay a scheduled summary judgment hearing in state court, and that he never had any intention of pursuing the claims. *Id*. The court conditioned the dismissal on the payment of the defendants' attorney's fees to compensate for the cost of removal because the plaintiff "unnecessarily wasted both the Defendants' resources and the judicial labor" of the court. *Id*.

The litigation here was hard-fought and complex, but there is no basis for concluding that either party intentionally wasted the others' resources, and there are no other circumstances that warrant an award of attorney's fees or costs as a condition of dismissal under Rule 41(a)(2). The requested dismissal is with prejudice, so there is no threat of further litigation relating to these claims. There is

9

no evidence of forum shopping or delay. And while Smith vehemently argues that she did not breach the settlement agreement and that the claims were meritless at the time the complaint was filed, Byker and GAM have advanced an argument to the contrary and put forth ample evidence in support. When the discovery process established that the B2K Software could be rendered functional and operational, Byker and GAM moved to dismiss. They should not be penalized for this decision. All parties expended substantial resources in this litigation and they will have to absorb these costs. The motion to dismiss is due to be granted without any conditions.

### III.  CONCLUSION

For these reasons, the Motion to Dismiss With Prejudice (Doc. 191) is due to be GRANTED. No conditions will be attached to the dismissal under Federal Rule of Civil Procedure 41(a)(2). A separate final judgment will be entered.

DONE and ORDERED on January 26, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE